# IN THE COURT OF APPEALS OF IOWA

No. 18-1437
Filed August 21, 2019

**GREGORY RAGSDALE,**
　　　Plaintiff-Appellant,

**vs.**

**DAVID WIREMAN,**
　　　Defendant-Appellee.
_____


Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


Gregory Ragsdale appeals the district court's order granting David Wireman's motion for summary judgment on a petition for declaratory judgment. **AFFIRMED.**

Robert J. Murphy, Dubuque, for appellant.

Craig Ament of Ament Law Firm, Waterloo, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Greer, JJ.

**VAITHESWARAN, Presiding Judge.**

Richard and Anita Wright owned landlocked property adjacent to property owned by David Wireman. They filed an application to condemn a strip of land owned by Wireman and another landowner. The strip, depicted in the following illustration, would allow them to gain access to their property.



The district court approved the application in 1988.

Twenty-eight years later, Gregory Ragsdale purchased the Wrights' property. He sued Wireman, alleging Wireman trespassed on the tract of land that was subject to the condemnation proceedings. He sought a declaratory judgment and injunctive relief excluding Wireman and the general public from the tract. Wireman filed an answer denying Ragsdale's claims and a counterclaim alleging

Ragsdale had "no right, estate, lien, or interest in [his] land south of and adjacent to the roadway created by the condemnation proceeding." He sought to quiet title in the land. Wireman also filed a motion for summary judgment, requesting dismissal of Ragsdale's action and confirmation "that the subject-matter roadway is for public use; that ownership of the property is the public, with [Ragsdale] the responsible steward of the land pursuant to Iowa Code section 471.4(2) (1987)." Ragsdale filed a resistance in which he asserted, "The roadway property at issue is not publicly owned or intended for public use," and he "acquired legal title and exclusive use to the roadway property through condemnation by and pursuant to due process of the law."

The district court initially denied Wireman's motion. Wireman filed a motion to dismiss and sought expanded findings and conclusions. The court treated the motion as a renewed motion for summary judgment and, after taking judicial notice of the condemnation action, granted the motion. The court reasoned:

> Section 471.4(2), Code of Iowa 1987, grants upon owners of land without a way to the land the right to take private property for public use. This section sets forth the location and dimensions of the property which may be condemned for public use and rights and responsibilities regarding this property after condemnation has been completed. Chapter 472, Code of Iowa 1987, provides those procedures which must be followed to allow condemnation of private land for public use. Although chapters 471 and 472, Code of Iowa 1987, only provide for the condemnation of private land for public use, several of those documents contained in the file regarding the condemnation of that real estate in question in this matter refer to the creation of an easement for private use. Neither party herein [has cited] nor has the court found any legal procedure by which the state or an individual can acquire land for private use through the means of [e]minent domain.
> . . . .
> Condemnation[] proceedings regarding the real estate described as the East 20 feet in even width of that portion of the Northeast Quarter of the Southeast Quarter of 10-90-14 line North of

the county road established in 85LD374 and other real estate made mention of the acquisition of an easement upon said real estate for a driveway. Final notice contained in the condemnation file shows that the compensation commissioner's appraised damage for the purposes of a "private driveway" at $150 over the above-described real estate.

Chapter 472, Code of Iowa 1987, does not authorize the condemnation commission to create either an "easement for a driveway" or a "private driveway." Chapter 472, Code of Iowa 1987, only provides for the condemnation of private property for [] public uses and purposes. Section 471.4, Code of Iowa 1987, which authorizes a private citizen to conduct proceedings pursuant to chapter 472 only allows for the condemnation commission to create a public road.

This court therefore determines that plaintiff's action for declaratory judgment and defendant's motion for summary judgment regarding plaintiff's action for declaratory judgment should be granted. The court further determines that the action of the condemnation commission regarding the real estate described above created a public way for the purpose of providing that real estate now owned by plaintiff be connected with an existing public road. The creation of a private driveway or easement was unauthorized by chapter 472, Code of Iowa 1987, and therefore no such interests in real estate were created by the actions of the condemnation commission. The rights and duties of the condemner and condemnee or their successors-in-interest are controlled by section 471.4(2), Code of Iowa 1987.

Based upon this finding, the court determine[s] that defendant's motion for summary judgment regarding petitioner's petition for injunction shall be granted and petitioner's petition for injunction should be dismissed.[1]

On appeal, Ragsdale contends that only he and his guests may traverse the condemned tract. In his view, neither "[t]he Wiremans, nor anyone else, are entitled to use the road without the intent to visit the landlocked property as an invitee or a first responder." He essentially concedes the absence of genuine issues of material fact. *See* Iowa R. Civ. P. 1.981(3). He focuses instead on the

---

[1] The district court subsequently entered orders confirming that the prior order "completed" Ragsdale's action and quieting title in Wireman to the real estate south of the condemned tract.

legal issue and asserts the district court erred as a matter of law in concluding the strip of land could not be condemned for private purposes.

To the contrary, private property may be condemned solely for public use, not for private use. Our Constitution says as much, as do our condemnation statutes. *See* Iowa Const. art. I, § 18 ("Private property shall not be taken for public use without just compensation . . . ."); Iowa Code § 6A.4(2) (2017) ("The right to take private property for public use is hereby conferred . . . [u]pon the owner or lessee of lands, which have no public or private way to the lands, for the purpose of providing a public way which will connect with an existing public road."); *id.* § 471.4(2) (1987) (same). Although the condemnation application made reference to a "driveway," "private driveway," and "easement," that terminology cannot convert the access road into anything other than a public way.

The Iowa Supreme Court reaffirmed this point in *Bankhead v. Brown*, 25 Iowa 540, 545 (1868). The court there stated, "The constitutional limitation above quoted, prohibits, by implication, the taking of private property for any private use whatever, without the consent of the owner." More recently, the court addressed the precise question we face here. *See In re Luloff*, 512 N.W.2d 267, 274 (Iowa 1994). The court stated:

> The present version of section 471.4(2) expressly provides that the eminent domain authority granted thereunder is "for the purpose of providing a public way . . . which will connect with an existing public road." The legislature has conclusively established the public character of the roadway and its judgment in that regard may not be re-examined by this court. We thus find no merit in appellant's contention that the taking is for private purposes.

*Id.*; *see also* Joseph A. Clark, *State Constitutional Takings Jurisprudence*, 26 Rutgers L.J. 1243, 1250 (1995) ("[In *Luloff*, the] court rejected the landowner's

claim that the condemnation would amount to a private taking, stating that under existing case law it made no difference that the owner was the only one using the road; the character of the way is determined by the right of public use."); *see also Owens v. Brownlie*, 610 N.W.2d 860, 865 (Iowa 2000) ("Eminent domain is the power of a government to take private property for public use conditioned upon the payment of just compensation.").

The district court did not err in concluding the condemned tract of land was a public tract and in granting Wireman's motion for summary judgment.

**AFFIRMED.**